*FORSHA v. LONGWORTH'S EXRS. ET AL.

POSSESSION HELD NOT TO BE NOTICE OF TITLE.

F. being the owner of real estate on which his wife held a judgment lien (they having separated), together with his wife deeded said real estate to McC. At the time McC. leased back the real estate to F. with privilege of purchase at the end of the lease. Afterwards F. executed a mortgage on the property to trustees to secure former judgment to wife. McC. and F. subsequently deeded the property to L. *Held*, that as between L. and the wife of F., L. took the property free from equities between F. and wife; that F.'s possession was not notice to L. of title inconsistent with his deed to McC.; that the mortgage to wife by F. could only be notice of the title F. held, which was a leasehold.

SWING, J.

This cause comes here by appeal from the Hamilton county common pleas.

The plaintiff, in her petition, which was filed December 26, 1882, alleges that on November 13, 1871, she was the wife of Samuel W. Forsha, and that she now is his widow, he having died in the year 1877; that on the 13th of November, 1871, Samuel W. Forsha was the owner in fee simple of a certain lot of land situated on the south side of Fifth, between Smith and Cutter streets.

The testimony relevant to the issues raised in this case shows, that on November 13, 1871, the plaintiff was the wife of Forsha, although they had separated and a deed of separation had been recorded, and that previous to that time she had recovered a decree against him for alimony in the sum of $3,500, which was a lien on Forsha's real estate in Hamilton county; that at that time Forsha was the owner of a valuable lot on Fifth street in this city. On that day, Forsha and wife deeded in fee simple said lot to William McCammon, in consideration of $15,000.

On the same day McCammon executed a lease to Forsha, for the same premises, for a period of five years, at an annual rental of $1,400, with the privilege of purchase within the last quarter at $15,000. On November 29, 1871, Forsha executed a mortgage on said lot to trustees for his wife, to secure said judgment for alimony. This mortgage is in the ordinary form of a mortgage. It conveys the property in fee simple, with covenants of warranty that he is the owner, and that the title is free, clear and unincumbered.

The testimony shows that there is no doubt but that Longworth, when he purchased from McCammon and Forsha, acted in the matter in entire good faith, believing that McCammon held the fee and Forsha the leasehold; they told him that they owned these respective interests. And McCammon gave him his abstract of title showing his title a good one.

Longworth had no knowledge of the mortgage by Forsha to Mrs. Forsha's trustees. He took deeds from McCammon and Forsha, paying McCammon $15,800, $800 being due McCammon on account of back rent, and Forsha $2,200 for his part with the privilege of purchase. Longworth then gave Forsha a perpetual lease on the property. This transaction was on the 22d day

*The decision in this case was affirmed by the Supreme Court without report, Nov. 19, 1889.

of March, 1875. At that time the lease of Forsha had one year and eight months to run.

Now Longworth says, I am a *bona fide* purchaser for value without notice. If this is true, his defense is complete, for he holds the legal title—for when the equities are equal, the law will prevail.

As against McCammon, the decree in favor of Mrs. Forsha could not be asserted, whether the transaction between Forsha and wife and McCammon was a deed or a mortgage. Neither could it be asserted against McCammon's grantee, or if a mortgage, his assignee—but on the face of the transaction, it is, without question, a deed in fee simple with covenants of warranty. If on the other hand Longworth had notice, either actual or constructive, his defense is not good against the claims of Mrs. Forsha, for, as between them, her equity would be superior, and if the transaction between Forsha and himself and McCammon was in fact a mortgage, she can set it up.

First, then, did Longworth have notice? He had no actual notice. Did he have constructive notice? It is claimed by Mrs. Forsha that he had; that the deed to McCammon and lease to Forsha, with a covenant to deed back at the end of five years, was enough to notify him that it was in fact a mortgage. Manifestly this position is not maintainable; the declarations of the parties were that it was a deed and lease, and the notice it gives to the world is that what it says is true. It is further claimed that Forsha's remaining in possession was notice of every claim that he had against the property.

As a general proposition, possession is notice of the possessor's title, whatever it may be; but in the case of a vendor remaining in possession, his possession will not be notice that he holds any interest in the property inconsistent with the declarations contained in his deed—although it would be as to all rights obtained subsequent to his deed. "So far as the purchaser is concerned, the vendor's deed is conclusive upon that subject; having declared by his conveyance that he makes no reservation, he is estopped from setting up any secret arrangement by which his grant is impaired;" but the record discloses to Longworth that Forsha held possession by virtue of a lease from McCammon. This is a declaration on the part of Forsha as to how he holds his title, and the purchaser had a right to rely on the truthfulness of his statements. We think, therefore, that Forsha's possession was not notice to Longworth.

But it is claimed further, that the mortgage given by Forsha to Mrs. Forsha, after they had deeded to McCammon, was notice to Longworth.

I cannot see how a purchaser is chargeable in equity with constructive notice of anything which does not lie within the course of his title. While a purchaser could not, as against the enforcement of a legal right, set up the fact that the right was outside of the course of his title, and that he had no notice of it, it would seem unreasonable to charge him with notice of an equity which was outside of the line of his title. In this case McCammon had the fee and Forsha the lease, and Longworth is chargeable with notice of any disposition that they may have made of the interests which they respectively held, McCammon of the fee and Forsha of the lease.

Longworth had no actual knowledge of the mortgage to Mrs. Forsha's trustees; but even if he had, we are of the opinion that it is not notice of any right in Forsha and wife inconsistent with the declarations contained in their deed to McCammon. The reasons given why Forsha's possessions was not notice, are equally applicable here; the mortgage is referable to his leasehold, and not to a fee contradictory to their declarations.

If we are correct in these conclusions, it follows that Longworth was a *bona fide* purchaser for value without notice, and therefore, Mrs. Forsha cannot, as against him, have this deed to McCammon declared a mortgage.

And having arrived at this conclusion, it is unnecessary for us to consider any other questions in this case, except the question as to what is the legal right of Mrs. Forsha against the property, or equitable right against Longworth.

Vol. I.                    CIRCUIT COURTS. .                    151

As against Longworth, we have held that the only legal right she had against this property was granted by Forsha in his mortgage on the interest he had in the property, which was a leasehold; but she never asserted any right against this during the life of the lease. It is long since expired, and she has no legal right to be enforced either in a court of law or equity now. What equitable claim can she have against Longworth? It is claimed that even if her mortgage was a mortgage on the leasehold and not on the fee, that Longworth paid to Forsha $2,200 for the leasehold, and that that should have gone to Mrs. Forsha. If in doing that he did not destroy her rights or get that which was hers, I cannot see how she would have any claim against Longworth. He had a right to pay Forsha any sum that he saw fit, and this would not prevent her from asserting her rights against the property; and against the assertion of her right, Longworth could not have set up what he paid Forsha as a defense. Certainly a mortgagee can have no claim against a purchaser from a mortgagor for money paid the mortgagor. The mortgagor has a right to sell subject to the rights of the mortgagee, and it matters nothing to the mortgagee whether the purchaser pays more or less than the value of the thing purchased. He has no personal right against the purchaser; his right is against the property and the mortgagor. So in this case, Mrs. Forsha had no right against Longworth; her right was against the property and against Forsha. Furthermore, if she had any right against Longworth, it was an equitable right. This right had accrued to her nearly seven years before she asserted it. No reason is given for this delay, and we think that the maxim of equity that delay defeats equity, should be applied here. Judgment will be entered in accordance with the opinion.

J. H. Clemmer and Mallon & Coffey, for Forsha.

Thomas McDougall, contra.